O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| XONALD GILLEM, | ) | CASE NO. CV 10-09556 AG (RZ) |
| Petitioner, | ) ) ) | ORDER SUMMARILY DISMISSING |
| vs. | ) ) | ACTION [28 U.S.C. § 2244(b)] |
| WARDEN, | ) ) | |
| Respondent. | ) ) | |

This habeas petition is successive and lacks the required Court of Appeals authorization for such a petition. As a result, this Court lacks jurisdiction to entertain it.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

Section 2244 of Title 28, part of the Antiterrorism and Effective Death Penalty Act, requires that the district court dismiss most successive habeas corpus petitions:

///

///

    (b)(1)    A claim presented in a second or successive

habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

. . .

In *Felker v. Turpin*, 518 U.S. 651, 656-57, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996), the Supreme Court noted that this statute transferred the screening function for successive petitions from the district court to the court of appeals. This provision has been held to be jurisdictional; the district court cannot entertain a successive petition without

prior approval from the Court of Appeals. *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th Cir. 2001)*; see also Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The district court therefore either must dismiss a successive petition for lack of jurisdiction, or it may transfer the action, in the interest of justice, to the court where the action properly could have been brought. 28 U.S.C. § 1631; *Pratt*, 129 F.3d at 57.

Here, Petitioner Xonald Gillem attacks his 2000 conviction for robbery. He challenged that conviction on habeas in this Court in 2009, but the Court dismissed that action with prejudice as untimely. *Gillem v. Marshall,* No. CV 09-0762 AG (RZ) (Judgment entered April 29, 2009). An untimeliness-based dismissal is a disposition on the merits for purposes of 28 U.S.C. § 2244(b)(3). *McNabb v. Yates*, 576 F.3d 1028, 1029-30 (9th Cir. 2009) (per curiam). Petitioner has not obtained Ninth Circuit authorization, as is required before he properly may file another habeas petition in this Court. No factors appear which make it preferable to transfer this case to the Court of Appeals, rather than dismissing it.

Accordingly, IT IS ORDERED that the Petition is dismissed.

DATED: December 31, 2010

ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE